Case 2:19-cv-00402   Document 22   Filed on 07/01/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALHAKIM HAIDER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00402 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Alhakim Haider is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Haider filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 13, 2019.[1] (D.E. 1). Liberally construed, Haider claims that McConnell Unit officials violated his due process and Eighth Amendment rights by failing to return him to the proper custody status and line class after a disciplinary conviction was overturned. Respondent filed a motion for summary judgment, to which Haider has not responded. (D.E. 20). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 20) be granted and Haider's § 2254 petition be denied. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Haider stated under penalty of perjury that he placed his petition in the prison mail system on December 13, 2019, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

I. **JURISDICTION**

Jurisdiction and venue are proper in this court because the prison disciplinary punishment about which Haider complains occurred in Beeville, Bee County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

II. **BACKGROUND**

a. **Disciplinary and Grievance Records**

Haider is serving a 45-year total sentence after being convicted of one count of aggravated robbery and one count of robbery. (D.E. 19-3 at 4). Haider does not complain about his conviction, however, but instead challenges the results of a disciplinary hearing. (D.E. 1 at 6-7).

Grievance records indicate that, in July 2018, Haider filed a Step 1 grievance regarding a disciplinary case. (D.E. 19-1 at 3-4). The warden concluded that there was sufficient evidence to support the finding of guilt, there were no procedural errors, and there was no reason to overturn the case. (*Id.* at 4). Haider subsequently filed a Step 2 grievance, and the reviewing authority concluded that no further action was necessary because the hearing records supported the finding of guilt, the punishment was within established guidelines, and there were no due process violations. (*Id.* at 6).

However, in February 2019, the disciplinary case was overturned by a TDCJ supervisor. (D.E. 1-1 at 6). The disciplinary case and punishment were then deleted from his record. (D.E. 19-2 at 2). Haider subsequently filed several grievances, arguing initially that he was still in administrative segregation despite the fact that the disciplinary

case was overturned, and then contending that his custody level was still G5 instead of G2 like before the disciplinary case. (D.E. 1-1 at 7-10; D.E. 15 at 2-7). The most recent response indicated that Haider was released from administrative segregation because his disciplinary case was overturned, but that the State Classification Committee and Unit Classification Committee had the authority to assign a custody level as they deemed necessary. (D.E. 15 at 7).

### b. Petition and Claims

In his petition, Haider raises a single claim related to the disciplinary case and the TDCJ's failure to restore his original custody status. (D.E. 1 at 6).[2] First, Haider contends that his punishment was excessive because he was held in administrative segregation for four months after his disciplinary case was overturned, and then was only released to G5 close-custody status. Thus, Haider contends that the TDCJ violated his rights to due process and to be free from cruel and unusual punishment. (*Id.*). Haider seeks to have his line class and good-time status returned and to be returned to G2 custody status. (*Id.* at 7).

### III. DISCUSSION

In the motion for summary judgment, Respondent argues that Haider's disciplinary case was overturned and that he has provided no evidence that the case continues to affect his custody level. (D.E. 20 at 7). Further, Respondent argues that a loss of privileges is not cognizable under federal habeas law because changes in the conditions of confinement do not implicate due process. (*Id.* at 7-8).

---

[2] Haider presents two claims, but they are the same claim.

3

Haider has not responded

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken in a disciplinary proceeding without due process and acknowledged that, under certain circumstances, a state may create liberty interests that are protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 (1974) and *Meachum v. Fano*, 427 U.S. 215 (1976)). However, the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The Court further noted that the punishment of incarcerated prisoners effectuates prison management and prisoner rehabilitative goals and that, while prisoners do not shed all constitutional rights at the prison gate, "'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Id.* at 485 (quoting *Jones v. North Carolina Prisoner's Labor Union, Inc.*, 433 US. 119, 125 (1977), and *Price v. Johnston*, 334 U.S. 266, 285 (1948)). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* The touchstone of the inquiry into the existence of a protected, state-created liberty interest is the nature of the condition in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citing *Sandin*, 515 U.S at 484).

"[S]peculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995) (*citing Meachum*, 427 U.S. at 229, n.8). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, a right the Texas legislature has specifically denied creating).

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[3] Prisoners earn good time credits that are added to their actual days served in prison to calculate their release date. Tex. Gov't Code § 508.147. The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time. *Malchi*, 211 F.3d at 957-958.[4]

---

[3] Currently located at Tex. Gov't Code § 508.001(5).

[4] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended. *See Malchi*, 211 F.3d at 958. The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well. *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

Here, even assuming that the overturned disciplinary case continues to have an effect on the conditions of Haider's confinement, he cannot make out a due process cause of action based on either his reduction in line class or his loss of other privileges. The Supreme Court has held that even placement in disciplinary segregation is insufficient to raise a due process claim because it does not present a dramatic departure from the basic conditions of an offender's sentence. *Sandin*, 515 U.S. at 484-87. As to his reduction in line class, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and, in turn, on the amount of time he is in custody. However, Haider has no protectable liberty interest in a particular custodial classification. *Harper*, 174 F.3d at 719. Specifically in the case of a line class designation, the Fifth Circuit has held that the timing of an inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status. *Malchi*, 211 F.3d at 959. Thus, Haider cannot make out a due process claim based on his reduction in line class. Finally, although Haider could have a liberty interest in a loss of good time, he does not argue that he lost any accrued good time as a result of the disciplinary case, but instead seeks only to have his custody class and time-earning status restored.

To the extent that Haider raises an Eighth Amendment issue about the conditions of his confinement, such a claim is cognizable under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). In contrast, a habeas action is appropriate when success would necessarily demonstrate the invalidity of his confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Accordingly, Haider's § 2254

petition should be denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Haider has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Haider failed to state a claim for a violation of a constitutional right, it is recommended that a COA be denied.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 20) be GRANTED and Haider's § 2254 petition be DENIED. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 1st day of July, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).